## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Global Commerce Bank,** ) | |
| ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | |
| ) | |
| **FIRST ONE GROUP, LLC; JERRY C. KIM; JOE P. KIM; and JIMMY JONG IK HWANG,** ) | **CIVIL ACTION FILE NO.1:12-CV-01815-CAP** |
| ) | |
| **Defendants.** ) | |
| ) | |
| **FIRST ONE GROUP, LLC,** ) | |
| ) | |
| **Counterclaim Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Global Commerce Bank,** ) | |
| ) | |
| ) | |
| **Counterclaim Defendant.** ) | |
| ) | |
| **FIRST ONE GROUP, LLC,** ) | |
| ) | |
| **Cross-Claim Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **JERRY C. KIM,** ) | |
| ) | |
| **Cross-Claim Defendant.** ) | |

| | |
|---|---|
| **FIRST ONE GROUP, LLC,** | ) |
| | ) |
| **Third-Party Plaintiff,** | ) |
| **v.** | ) |
| | ) |
| **TEAM SPIRIT REALTY &** | ) |
| **INVESTMENT, INC.;** | ) |
| **JOHN H. KIM; SAMUEL CHEN;** | ) |
| **ELAINE ZHOU;** | ) |
| **THE NORTH POINT GROUP, INC.;** | ) |
| **and RONALD ONORATO,** | ) |
| | ) |
| **Third-Party Defendants.** | ) |

## DEFENDANT FIRST ONE GROUP, LLC'S MOTION TO AMEND ITS ANSWER, DEFENSES, COUNTERCLAIMS AND CROSS-CLAIMS AND TO FILE THIRD-PARTY COMPLAINT

COMES NOW, Defendant First One Group, LLC ("First One"), by and through its undersigned counsel, and does move this Court to allow it to amend its answer, defenses, counterclaims and crossclaims and to file a third-party complaint, and shows this Court as follows:

1. This action was initially filed by Plaintiff's predecessor in interest, Global Commerce Bank, in the Superior Court of Gwinnett County, Georgia.

2. Plaintiff removed this action to this Court on May 24, 2012 while discovery was still ongoing in the Superior Court.

3. After removal, discovery resumed in this Court, including a

deposition taken by First One as recently as Tuesday of this week, August 14, 2012.

4.      Discovery will be continuing in order to continue to ferret out the complex facts underlying the circumstances surrounding claims of the Plaintiff and the defenses thereto, and to determine all of the responsible parties.

5.      Pursuant to the Joint Preliminary Report and Discovery Plan filed in this action on July 18, 2012, the parties identified possible amendments to the pleadings and additional parties.

6.      The Joint Preliminary Report and Discovery Plan requires the parties to amend the pleadings within thirty (30) days after the filing of the Joint Preliminary Report And Discovery Plan unless otherwise permitted by law.

7.      This motion is being filed within said thirty (30) day period by First One to request leave to amend its pleadings to reflect the results of its ongoing discovery.

8.      The discovery has revealed that employees of the Plaintiff and others acting in concert with said employees colluded with a representative of First One to harm First One for their own benefit,

including the unauthorized and purported assumption by First One of the obligations at issue in this action.

9.    The amendments will revise the answer, defense, counterclaim and crossclaim filed by First One in the Superior Court and will add additional parties who discovery has shown are liable to First One for any damages which the Plaintiff may recover from First One.

10.    The amendments include the possible amendments stated by First One in the Joint Preliminary Report and Discovery Plan, including the naming of additional parties.

11.    The Joint Preliminary Report and Discovery Plan requires amendments to be filed in accordance with Rule 15 of the Federal Rules of Civil Procedure.

12.    Rule 15(a)(2) allows this Court to grant leave to parties to amend their pleadings and provides: "The court should freely give leave when justice so requires."

13.    The additional parties are named as third-party defendants.

14.    Rule 14(a)(1) allows this Court to grant leave for a party to file third party complaints.

15.    The third-party defendants participated in the alleged fraudulent

scheme revealed by the discovery.

16.   Rule 14(a) "was designed to permit the liberal joinder of parties so that judicial energy could be conserved and consistency of results guaranteed." *Olympic Corp. v. Societe Generale,* 462 F.2d 376, 379 (2d Cir.1972).

WHEREFORE, Defendant First One Group, LLC respectfully requests that this Court grant it leave to file an amended answer, defense, counterclaim and crossclaim and to add additional parties by way of a third-party complaint.

This 17th day of August, 2012.

Respectfully submitted,

NORTH ATLANTA LAW GROUP, P.C.
Attorneys for First One Group, LLC

By: /s/ Steven M. Jampol
      Steven M. Jampol
      Georgia Bar No. 389435
      Howard A. Salk
      Georgia Bar No. 707046

11680 Great Oaks Way, Suite 100
Alpharetta, Georgia 30022
Telephone: (770) 667-1290
Facsimile:  (770) 667-1690
sjampol@northatlantalaw.net
hsalk@northatlantalaw.net